UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOY GENAY, on behalf of herself and all other similarly situated consumers,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>AARGON AGENCY, INC. d/b/a AARGON COLLECTION AGENCY,<br><br>　　　　　Defendant. | Case No.:<br><br>COMPLAINT -- CLASS ACTION |

Plaintiff, Joy Genay (hereinafter "Plaintiff"), hereby alleges:

## PRELIMINARY STATEMENT

1. This is an action for damages arising from Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* (hereinafter "FDCPA").

## JURSIDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331 and 15 U.S.C. §1692k(d).

3. Venue is proper in this district under 28 U.S.C §1391(b).

## PARTIES

4. Plaintiff is a natural person, who at all relevant times has resided in Philadelphia, Pennsylvania and is a "consumer" as the phrase is defined and applied under 15 U.S.C. §1692(a) of the FDCPA.

5.    Defendant, AARGON AGENCY, INC., is a Nevada business entity, with its corporate address as 8668 Spring Mountain Rd. Las Vegas, Nevada 89117. Defendant is a "debt collector" collecting consumer debts as that term is used and defined under 15 U.S.C. § 1692(a) of the FDCPA.

## FACTUAL STATEMENT

6.    The FDCPA was enacted to prevent debt collectors from engaging in abusive tactics in order to collect debts from generally unsophisticated consumers.

7.    One type of conduct in particular which Congress sought to prevent is the pursuit by debt collectors in collecting extra fees from the consumer.

8.    On a date better known by Defendant, Plaintiff incurred a personal utility bill which went delinquent.

9.    On or around December 2018, Plaintiff contacted Defendant to pay the bill.

10.   During the call, Defendant demanded an additional $14.85. The purpose of this fee was explicitly addressed in the call. Defendant stated that this fee was required of Plaintiff in order for Defendant to remove a negative credit entry from Plaintiff's credit report, and provide Plaintiff proof of the removal request. Relying on Defendant's explanation, Plaintiff paid the additional fee.

11.   Pennsylvania law does not expressly authorize a credit removal fee.

12.   Further, the contract between Plaintiff and the original creditor does not expressly authorize a credit removal fee.

13.   Accordingly, Defendant's illegal collection of this fee violates the FDCPA.

## CLASS ACTION ALLEGATIONS

### The Class

14.   Plaintiff brings this as a class action pursuant to Fed. R. Civ. P. 23.

15.     Plaintiff seeks certification of the following class, initially defined as follows:

**The Class: All consumers in the United States for whom a credit removal fee was sought by Defendant or collected by Defendant in connection with personal, household, or family debts within one year prior to the filing of this complaint.**

16.     Excluded from the Class is Defendant herein, and any person, firm, trust, corporation, or other entity related to or affiliated with the defendant, including, without limitation, persons who are officers, directors, employees, associates or partners of Defendant.

### Numerosity

17.     Upon information and belief, Defendant has demanded such a fee in attempt to collect a debt from hundreds of consumers throughout the United States, each of which violates the FDCPA. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

18.     The letters sent by Defendant, and received by the class, are to be evaluated by the standard of the "least sophisticated consumer".

19.     The exact number and identities of the Class members are unknown at this time and can only be ascertained through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's records.

### Common Questions of Law and Fact

20.     There are questions of law and fact common to the class that predominates over any questions affecting only individual Class members. These common questions of law and fact include, without limitation: (i) whether Defendant violated various provisions of the FDCPA; (ii) whether the Plaintiff and the Class have been injured by the conduct of Defendant; (iii) whether the Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and, if so, what is the proper measure and appropriate statutory formula

to be applied in determining such damages and restitution; and (iv) whether the Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

## Typicality

21. Plaintiff's claim is typical of the claims of the class members. Plaintiff and all members of Plaintiff's Class defined in this complaint have claims arising out of the Defendant's common uniform course of conduct complained of herein. Plaintiff's claims are typical of the claims of the Class, and Plaintiff has no interests adverse or antagonistic to the interests of other members of the Class.

22. Further, no state law provides for a credit removal fee. Therefore, Plaintiff is typical of class members outside of Pennsylvania.

## Protecting the Interests of the Class Members

23. Plaintiff will fairly and adequately represent the Class members' interests, in that the Plaintiff's counsel is experienced and, further, anticipates no impediments in the pursuit and maintenance of the class action as sought herein.

24. Neither the Plaintiff nor her counsel have any interests, which might cause them not to vigorously pursue the instant class action lawsuit.

## Proceeding Via Class Action is Superior and Advisable

25. A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted, this being specifically envisioned by Congress as a principal means of enforcing the FDCPA, as codified by 15 U.S.C.§ 1692(k).

26. The members of the Class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action.

27. Prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties.

28. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff' Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

29. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify one or more classes only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

30. A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender. Class treatment also will permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.

31. Absent a class action, the Class members will continue to suffer losses borne from Defendants breaches of Class members' statutorily protected rights as well as monetary damages, thus allowing and enabling: (a) Defendant's conduct to proceed and; (b) Defendant to further enjoy the benefit of its ill-gotten gains.

32. Defendant has acted, and will act, on grounds generally applicable to the entire Class, thereby making appropriate a final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692 *et seq.*

33. Plaintiff repeats the allegations contained in the above paragraphs and incorporates them as if specifically set forth at length herein.

34. Defendant's false and deceptive representations concerning a removal fee violate 15 U.S.C. §§ 1692e(2) and e(10).

35. Defendant's collection of an illegal fee violates 15 U.S.C. § 1692f(1).

   WHEREFORE, Plaintiff respectfully request that this Court do the following:

   A. Certify the class described herein and appoint Plaintiff as Lead Plaintiff, and Plaintiff's Counsel as Lead Counsel;

   B. Enter judgment against Defendant for statutory and actual damages, 15 U.S.C. § 1692k(a)(2)(A) and (B), for Plaintiff and each member of the class;

   C. Award costs and reasonable attorneys' fees, pursuant to 15 U.S.C. § 1692k(a)3;

   D. Grant such other and further relief as may be just and proper.

## JURY TRIAL DEMAND

36. Plaintiff demands a jury trial on all issues so triable.

Dated this 8th of October, 2019.

          Respectfully Submitted,

          /s/ Nicholas Linker
          Nicholas Linker, Esq.
          Zemel Law LLC

ZEMEL LAW, LLC<br>
1373 Broad St. Suite 203C<br>
Tel: (862) 227-3106<br>
Email: nl@zemellawllc.com<br>
Attorney for Plaintiff